**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2909

———————

UNITED STATES OF AMERICA

v.

BARRY KNAPPER,
                                        Appellant

———————————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-00474-001)
District Judge:  Honorable Cynthia M. Rufe

———————————————

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2011

Before:  SLOVITER, GREENAWAY, JR. and ROTH, Circuit Judges

(Opinion filed: September 27, 2011)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

        Barry Knapper appeals from the District Court's judgment convicting him of

possessing a firearm that traveled in interstate commerce, in violation of 18 U.S.C. §

922(g)(1),[1] and his sentence of 210 months' imprisonment. For the reasons that follow, we will affirm the judgment and sentence of the District Court.

## I. **Factual Background**

On September 21, 2005, two Philadelphia police officers were patrolling North Philadelphia in a marked police wagon. Prompted by a radio call, the two officers drove northbound on North 17th Street, where they saw a man signaling for their attention. The man approached the police wagon and pointed to Knapper across the street, claiming Knapper had just threatened him with a gun. The officers approached Knapper, who dropped a black gun in nearby underbrush and fled. One officer apprehended Knapper; the other officer recovered the loaded gun from the underbrush.

At trial, Knapper stipulated that, prior to September 21, 2005, he was convicted in Pennsylvania state court of a felony crime punishable by imprisonment for a term exceeding one year within the meaning of 18 U.S.C. § 922(g)(1). John Cannon, a Philadelphia police officer assigned to the Firearms Identification Unit, testified that the recovered firearm had traveled in interstate commerce, explaining that the gun was manufactured in Argentina and imported by RSA Enterprises located in New Jersey. On March 11, 2008, a jury found Knapper guilty of violating 18 U.S.C. § 922(g)(1).

At sentencing, the District Court overruled Knapper's initial objection to being classified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. §

---

[1] Section 922(g) provides, in relevant part: "It shall be unlawful for any person – (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1).

924(e).  Knapper later conceded this classification, and the District Court concluded that Knapper's three drug trafficking convictions were predicate convictions for purposes of Section 924(e).[2]  Knapper did not contend that his classification as an armed career criminal precluded him from facing a mandatory minimum sentence of 15 years' imprisonment and a maximum sentence of life imprisonment.  The District Court adopted the sentencing calculations set forth in the Presentence Investigation Report (PSR), which resulted in a guideline range of 262 to 327 months.  The District Court granted a variance below the guideline and sentenced Knapper to 210 months' imprisonment.

## II.  Jurisdiction

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and jurisdiction over the sentencing pursuant to 18 U.S.C. § 3742.

## III.  Discussion

Knapper contends that 18 U.S.C. § 922(g)(1) should be interpreted as requiring proof that the firearm at issue traveled in interstate commerce after the effective date of the statute.[3]  The Supreme Court rejected this argument in *Scarborough v. United States*, 431 U.S. 563 (1977).  There, the Supreme Court considered "whether proof that the . . . firearm . . . traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce." *Id.* at

---

[2] Knapper has three drug trafficking convictions in the Court of Common Pleas of Philadelphia.  (App. 105-19.)

[3] Because Knapper asserts this argument for the first time on appeal, we review it for plain error.  *United States v. Boone*, 279 F.3d 163, 174 n.6 (3d Cir. 2002).

564. In order to establish a nexus between the firearm at issue and commerce, the prosecutor in *Scarborough* alleged possession of firearms shipped in interstate commerce at *unknown times*. Considering 18 U.S.C. App. § 1202(a), which applied to any felon "who receives, possesses, or transports in commerce or affecting commerce . . . any firearm . . . [,]" the Supreme Court concluded that Congress intended to apply the statute to the fullest extent of the Commerce Clause, stating, "[w]e see no indication that Congress intended to require any more than the minimal nexus that the firearm have been, *at some time*, in interstate commerce." *Id.* at 575 (emphasis added). Thus, the Supreme Court does not require proof of travel in interstate commerce post-enactment.

Knapper next contends that his sentence under Section 924(e) was illegal because the phrase "not less than fifteen years" actually denotes a fifteen-year maximum.[4] This argument is meritless. We have squarely rejected this contention. *United States v. Shabazz*, 564 F.3d 280, 289 (3d Cir. 2009) ("We are persuaded that the express inclusion of a minimum sentence, but not a maximum sentence, indicates an intention to make life imprisonment the statutory maximum."). Thus, the District Court's 210-month sentence was permissible.

## IV. Conclusion

For the reasons stated above, we will affirm the District Court's judgment and sentence.

---

[4] The Armed Career Criminal Act states: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).